Detention Order Pending Trial

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20588

v.

EDWARD G. PIERSON, Jr.,

    Defendant
    _____/

### DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.  Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX    (1)    The Government moved for detention at Defendant's first appearance pursuant to:

        XX    18 U.S.C. § 3142(f)(1).

        __    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.  Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

  \_\_    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

  \_\_    (3)    A period of less than five years has elapsed since

          \_\_    the date of conviction, **or**

          \_\_    Defendant's release from prison for the offense described in finding (B)(1).

  \_\_    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

  XX    for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)[1], **or**

  \_\_    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

  \_\_    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

  \_\_    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

  \_\_    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

  XX    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

  \_\_    (1)    There is a serious risk that Defendant will not appear.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

   \_\_    (2)    There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

\_\_    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

<u>XX</u>    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

    Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

    As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack cocaine, as well as the possession of weapons by a felon. I find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant. In addition, the Government proffers that Defendant's fingerprints were found on a baggie involved in one of the alleged sales of crack cocaine. The Government further proffers that the felon in possession charge involves more than simple possession, but in fact involves

the sale of an SKS assault rifle to a confidential informant.  The Government proffers that Defendant allegedly offered to sell other firearms.

As to subsection 3142(g)(3), I find that Defendant is currently 23 years of age and has resided with his mother in Saginaw for at least the last 15 years.  Defendant's father resides in Dallas, Texas.

Defendant has been unemployed for at least the last 3 years.  Defendant's previous employment involved working at various restaurants.  Defendant is currently enrolled at Delta College.  Defendant conceded to Pretrial Services that he is a daily user of marijuana, and preliminary urinalysis testing was positive for marijuana.

Pretrial Services reports that there is a current outstanding bench warrant against Defendant for failure to appear arising out of a traffic offense.  This warrant has been outstanding for approximately 4 months.  In 2004, Defendant pled guilty to felony resisting and assaulting a police officer.  He was sentenced to 270 days in jail, but placed on Holmes Youthful Trainee status.  Defendant violated the terms of that status and was sentenced to the remainder of his jail term.  In November 2006, Defendant pled guilty again to felony assault and resisting a police officer.  He was sentenced to 180 days in jail.

Although counsel for Defendant is correct that Defendant at this stage enjoys the presumption of innocence, I note that the charges against Defendant, which, as mentioned, are supported by at least probable cause, involve multiple sales of crack cocaine.  Several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community.  *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and

threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

In addition, Defendant faces penalties more serious than any he has previously faced, including a significant mandatory minimum sentence. In light of the fact that Defendant has family residing out-of-state, I am forced to conclude that these factors constitute a significant incentive for Defendant to flee, if given the opportunity.

In light of Defendant's violent criminal history, and his failure to abide by the terms of previous court imposed supervision, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented. I further conclude that even if it had, I am unable to craft any condition or combination of conditions that would reasonably assure the safety of the community or Defendant's appearance. Therefore, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United

States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                            s/ *Charles E. Binder*
                                            CHARLES E. BINDER
Dated: December 21, 2009            United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and E. Brady Denton, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 21, 2009         By    s/*Jean L. Broucek*
                                              Case Manager to Magistrate Judge Binder